IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT FITZSJERALD ROBERTS, SR.,

                Plaintiff,

vs.                                  Case No. 19-3161-SAC

ROGER SOLDAN, et al.,

                Defendants.

**O R D E R**

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. He is a prisoner at the Saline County Jail. This case is before the Court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the Court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1

II. <u>Screening standards</u>

Title 28 United State Code Section 1915A requires the Court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id.</u> The Court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009).

The Court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual

2

with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

This case arises from an incident on July 17, 2019, when plaintiff was attacked by another inmate in a common area of the jail. Plaintiff names as defendants Roger Soldan, the Saline County Sheriff and the following officers at the Saline County Jail: Stan Fruits; Angela Peck, Matthew Nelson, Benjamin McManigal, and Angela Finch. Plaintiff asserts that he was attacked, chased and punched several times by an inmate named Herrera. According to plaintiff, Herrera inflicted damage to plaintiff's mouth and right eye, and caused plaintiff to injure his knee.

Plaintiff claims that defendant Peck watched the entire incident by video. Plaintiff asserts that Peck did not push the panic alarm to alert other staff members or try to intervene.

Plaintiff contends that defendant Nelson was assigned to other security cameras. He claims that defendant Nelson also watched the attack without responding.

Plaintiff asserts that defendant McManigal was the shift supervisor overseeing Peck and Nelson. He asserts that defendant Finch was in a supervisory position over McManigal; that defendant

3

Fruits, as Captain of the jail, was Finch's direct supervisor; and that defendant Soldan, as Sheriff, was responsible for hiring staff and ensuring the overall safety of the inmates.

IV. Personal involvement

Plaintiff alleges that defendants Soldan, Fruits, Peck, Finch and McManigal had supervisory authority in the jail. But, he does not allege that they were personally involved in failing to protect plaintiff during the attack or that they are otherwise personally responsible. It is not enough that a defendant acted in a supervisory capacity when another defendant violated a plaintiff's constitutional rights. Keith v. Koerner, 843 F.3d 833, 838 (10th Cir. 2016). Plaintiff's allegations must plausibly demonstrate that there was an affirmative link between the supervisor and the constitutional violation. Id. This requires allegations showing: 1) personal involvement; 2) causation; and 3) state of mind (deliberate indifference). Id.

Because plaintiff has failed to assert facts plausibly demonstrating the elements of personal involvement essential for a § 1983 claim against defendants Soldan, Fruits, Peck, Finch and McManigal, his claims against these defendants are subject to dismissal.

V. Martinez report

The Court finds that a complete and proper processing of plaintiff's claims cannot be achieved without additional

information from appropriate officials at the Saline County Jail ("SCJ"). See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Accordingly, the court orders the appropriate officials at SCJ to prepare and file a **Martinez report**. Once the report is received, the Court can properly screen plaintiff's claims.

VI. Conclusion

The court hereby orders:

(1) The Clerk of Court shall provide the Sheriff of Saline County with a copy of the Complaint and this order for use in preparing the **Martinez report**. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court.

(2) Officials responsible for the operation of SCJ are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The SCJ must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the **Martinez report** required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

IT IS FURTHER ORDERED that the Clerk of Court shall enter the Saline County Sheriff's Office as an interested party on the docket for the limited purpose of preparing the **Martinez report** ordered herein. Upon the filing of that report, the Saline County Sheriff's Office may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Saline County Sheriff's Office.

**IT IS SO ORDERED.**

Dated this 4th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge