IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT FITZSJERALD ROBERTS, SR.,

        Plaintiff,

vs.                               Case No. 19-3161-SAC

ROGER SOLDAN, et al.,

        Defendants.

### **O R D E R**

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. As part of the court's screening function, an order was issued addressing the complaint and asking for a Martinez report from the Saline County Sheriff's Office. Doc. No. 4. A Martinez report (Doc. No. 11) has been received and plaintiff has filed a response (Doc. No. 14). This order shall continue the court's screening process.

Plaintiff alleges that there was an incident on July 17, 2019 at 6:20 p.m., when plaintiff, who was incarcerated at the Saline County Jail, was attacked by another inmate in a common area of the jail. Plaintiff names as defendants Roger Soldan, the Saline County Sheriff and the following officers at the Saline County Jail: Stan Fruits; Angela Peck, Matthew Nelson, Benjamin McManigal, and Angela Finch. Plaintiff asserts that he was attacked, chased and punched several times by an inmate named Herrera. According to plaintiff, Herrera inflicted damage to

1

plaintiff's mouth and right eye, and caused plaintiff to injure his knee.

Plaintiff claims that defendant Peck watched the entire incident by video. Plaintiff asserts that Peck did not push the panic alarm to alert other staff members or try to intervene.

Plaintiff contends that defendant Nelson was assigned to other security cameras. He claims that defendant Nelson also watched the attack without responding.

In the Martinez report, defendants Peck and Nelson deny witnessing the fight described by plaintiff and other officers deny notice of the altercation until receiving a copy of plaintiff's complaint. Plaintiff reiterates that defendant Peck directly observed the fight in his response to the Martinez report.

In the court's initial screening order, the court stated that plaintiff's claims against defendants Soldan, Fruits, Peck, Finch and McManigal were subject to dismissal because plaintiff had not plausibly alleged that they were personally involved in causing the alleged failure to protect plaintiff during the alleged altercation. This still appears the case and so the court shall direct that these defendants be dismissed.

As to defendants Peck and Nelson, there appears to be a factual dispute regarding whether they witnessed the alleged fight and chose to ignore it. As the court noted previously in Doc. No. 12, citing Dickey v. Merrick, 90 Fed.Appx. 535, 537 (10th Cir.

2

2003), a Martinez report is treated more like an affidavit than a motion. The Tenth Circuit has also stated that a Martinez report "may not be used at the motion to dismiss stage to resolve factual disputes." McAdams v. Wyoming Dept. of Corrections, 561 Fed.Appx. 718, 720 (10th Cir. 2014). The court's screening function under 28 U.S.C. § 1915A is analogous to the analysis initiated by a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Therefore, the court will not treat the Martinez reports as motions to dismiss and will not use the reports to resolve the factual disputes that appear to exist at this point in the litigation.[1]

Plaintiff has sued defendants in their official capacity. This would be like a claim against the governmental entity that employs them. Kentucky v. Graham, 473 U.S. 159, 165 (1985). But, such an entity may not be liable "simply because it employs a person who violated a plaintiff's federally protected rights." Jenkins v. Wood, 81 F.3d 988, 993 (10th Cir. 1996). Plaintiff has not alleged facts which would plausibly support a claim against defendants' employer. Therefore, the official capacity claims described in the complaint shall be dismissed without prejudice.

---

[1] Parts of the Martinez report read like a motion to dismiss or a motion for summary judgment raising issues such as qualified immunity and failure to exhaust remedies among other matters. The court declines to reach these issues because, among other reasons, the report should not be treated as a motion, defendants Peck and Nelson have not entered an appearance in this case, and counsel for the Saline County Sheriff's Office have not entered an appearance on behalf of defendants Peck and Nelson.

3

Plaintiff has filed a motion for appointment of counsel. Doc. No. 17. The court should consider the merits of plaintiff's claims, the nature and complexity of the claims and plaintiff's ability to investigate the facts and present his claims. Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2016). The court may also consider plaintiff's efforts to retain his own counsel. Sommerville v. Republic Cnty. Hosp., 2010 Wl 5172995 *1 (D.Kan. 12/14/2010). At this point, the merits of plaintiff's claims are unclear, the claims do not appear to be factually complex, the complexity of the legal issues is unclear, and plaintiff has not indicated that he has tried to retain his own counsel. Upon review and consideration of many of the relevant circumstances, the court shall decline to appoint counsel without prejudice to plaintiff raising the issue again after defendants have been served and have responded to the complaint.

The court shall allow plaintiff's claims to go forward at this stage against defendants Peck and Nelson in their individual capacities. The court shall direct the Clerk of the Court to prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon defendants Angela Peck and Matthew Nelson. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service

forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

In conclusion, the Saline County Sheriff's Office is dismissed as an interested party. Plaintiff's claims against defendants in their official capacities are dismissed without prejudice. Plaintiff's motion for appointment of counsel (Doc. No. 17) is denied without prejudice. Finally, the court directs that the Clerk issue waivers of summons in accordance with the previous paragraph of this order.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge